UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MARY UTLEY BOSWELL, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-118 |
| | ) | | (VARLAN/GUYTON) |
| WAL-MART STORES EAST, L.P., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant Wal-Mart Stores East, L.P.'s ("Wal-Mart's") Motion for Summary Judgment [Doc. 9]. Plaintiff Mary Utley Boswell has filed a response to the motion for summary judgment [Doc. 17]. Wal-Mart has filed a reply to the response to its motion for summary judgment [Doc. 18].

This civil action is also before the Court on Wal-Mart's Motion to Strike Plaintiff's Supplemental Response to the Defendant's Motion for Summary Judgment and to Prohibit Further Briefing [Doc. 20]. After Wal-Mart filed its reply to the response to its motion for summary judgment, Ms. Boswell filed a supplement to her response to the motion for summary judgment [Doc. 19]. Wal-Mart then filed its motion to strike that reply and to prohibit further briefing [Doc. 20]. Ms. Boswell later filed another supplement to her response to the motion for summary judgment [Doc. 21].

These motions are now ripe for the Court's consideration.

**I.    Background**

Ms. Boswell filed the complaint [Doc. 1-1] in this case on February 12, 2009 in the Circuit Court for Sevier County, Tennessee. In her complaint, Ms. Boswell alleges that she made a purchase at the Wal-Mart Supercenter located at 1414 Parkway in Sevierville, Tennessee at noon on December 12, 2006 [*Id.*, ¶ 4]. She alleges further that she exited the Supercenter after making her purchase and, while walking across the Supercenter parking lot to her automobile, "suddenly and without warning" stepped into a hole in the parking lot [*Id.*]. As a result, Ms. Boswell alleges that she "violently fell into a vehicle and onto the pavement injuring her neck, back, arms, wrists, legs, knees and ankles . . . causing severe bodily injury and pain" [*Id.*].

Ms. Boswell alleges that she was a "business invitee" of Wal-Mart's [*Id.*]. As such, she alleges that Wal-Mart owed her a duty of care, requiring it to "maintain its entire premises, including the parking lot, in a reasonably safe condition, free from risk of danger for all foreseeable uses by its customers, including latent defects that are known or should be known through the exercise of reasonable diligence" [*Id.*, ¶ 5]. Ms. Boswell alleges that Wal-Mart breached its duty of care to her, and was therefore "negligent and/or grossly negligent," by:

(1)    Failing to maintain the proper standard of care owed to its business invitees;

(2)    Improperly maintaining the store parking lot, thus allowing an inherently dangerous condition to exist;

2

(3) Failing to take proper precautionary measures to protect its business invitees;

(4) Failing to repair the parking lot in an adequately safe manner and condition;

(5) Failing to provide and post warnings which would alert its guests of the inherently dangerous condition of the parking lot;

(6) Failing to provide an adequate barrier to prevent a business invitee from stepping into the hole and falling; and

(7) Failing to regularly and properly inspect and maintain its parking lot.

[*Id.*, ¶ 7]. She seeks a judgment in the amount of $3,000,000.00 for "bodily injuries, pain, suffering, medical bills and expenses incurred, future medical expenses and loss of enjoyment of life, both present and future" [*Id.*].

The case was removed to this Court on March 18, 2009 [Doc. 1]. Wal-Mart filed its answer [Doc. 4] on March 19, 2009, denying liability for the injuries Ms. Boswell allegedly suffered on December 12, 2006, and raising a number of affirmative defenses against her, including the potential applicability of the statute of limitations. Wal-Mart filed its motion for summary judgment on May 4, 2009 [Doc. 9]. In that motion, Wal-Mart argues that (1) there was no dangerous or defective condition in the area at the time of Ms. Boswell's alleged injury; (2) the parking lot did not present an unreasonable risk of harm; and, as a result, (3) Wal-Mart owed no duty to Ms. Boswell in this case [*Id.*]. Wal-Mart has attached several photos of the parking lot as an exhibit to the motion for summary judgment [Doc. 9-3].

On May 21, 2009, Ms. Boswell filed a motion for extension of time to hire an attorney and respond to the motion for summary judgment [Doc. 11]. This Court granted that request [Doc. 12]. On July 28, 2009, Ms. Boswell filed a second motion for extension of time to hire an attorney and respond to the motion for summary judgment [Doc. 13]. This Court denied that request [Doc. 16]. Ms. Boswell filed a pro se response to the motion for summary judgment [Doc. 17] on September 10, 2009, providing additional details regarding her alleged fall in the Supercenter parking lot, and responding to some of the factual arguments in the motion for summary judgment. Ms. Boswell also attached a "true picture [o]f the pothole where she got stuck" to her response [*Id.*].

On September 14, 2009, Wal-Mart filed a reply [Doc. 18] to Ms. Boswell's response, arguing that (1) Ms. Boswell's response was not "proper" under the Federal Rules of Civil Procedure and should not be considered by the Court, but that (2) Wal-Mart is still entitled to summary judgment even if the Court considers the response. On September 25, 2009, Ms. Boswell filed a supplement [Doc. 19] to her response to the motion for summary judgment.[1] On September 28, 2009, Wal-Mart filed a motion to strike that supplement and to prohibit further briefing on the motion for summary judgment [Doc. 20]. On October 9, 2009, Ms. Boswell filed another supplement [Doc. 21] to her response to the motion for summary judgment.[2]

---

[1]This document is titled "Plaintiff's Reply in Support of Motion for Summary Judgment" [*see* Doc. 19].

[2]This document is titled "Motion to Keep Plaintiff's Supplemental Response to the Defendants Motion for Summary Judgment due to Impertinent Information to be Disregarded" [Doc. 21].

4

For the reasons that follow, Wal-Mart's motions for summary judgment and to strike will be denied as moot. The Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to hear this case. The case will be dismissed.

## II. Analysis

The Court must determine whether subject matter jurisdiction exists in this case before making any decision on the merits. *Moir v. Greater Cleveland Reg'l Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). Subject matter jurisdiction cannot be conferred on the Court by consent of the parties, nor may they waive it. *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004). The question of whether subject matter jurisdiction exists may be raised by the Court where the parties do not raise it themselves. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).

Because jurisdiction in this case is predicated purely on diversity of citizenship, this Court must apply the substantive law of Tennessee. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Tennessee, actions for "injuries to the person" "shall be commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). Ms. Boswell alleges that her injury occurred on December 12, 2006 [Doc. 1-1]. Under Tennessee law, Ms. Boswell had until December 12, 2007 to bring an action for personal injury arising from that incident. Ms. Boswell nevertheless waited until February 12, 2009, fourteen months after the expiration of the applicable statute of limitations, to file her state court complaint [*Id.*]. She has offered no explanation as to why she allowed the statute of

limitations to run on her claim. Ms. Boswell's action is thus barred by the applicable statute of limitations, and this Court lacks subject matter jurisdiction to hear her claim.

## III. Conclusion

However harsh the results of their application, statutes of limitations that bar claims represent considered determinations of the legislature that this Court is not empowered to disturb. *See Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009) (quoting *Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 314 (1945)) (Jackson, J.) ("Statutes of limitations find their justification in necessity and convenience rather than in logic . . . They represent a public policy about the privilege to litigate."). For the reasons just given, Wal-Mart's Motion for Summary Judgment [Doc. 9], and its Motion to Strike Plaintiff's Supplemental Response to the Defendant's Motion for Summary Judgment and to Prohibit Further Briefing [Doc. 20], will be denied as moot. The Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to hear this case. The case will be dismissed. The Clerk will be directed to close this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE