UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MARY UTLEY BOSWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CV-118 |
| | ) | (VARLAN/GUYTON) |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [Doc. 9]. Plaintiff Mary Utley Boswell, proceeding pro se in this case, has filed a response to the motion for summary judgment [Doc. 17]. Wal-Mart has filed a reply to the response [Doc. 18].

The motion is now ripe for this Court's consideration.

**I.     Background**

Plaintiff filed the original complaint [Doc. 24-1] in this case on December 4, 2007 in the Circuit Court for Sevier County, Tennessee. She filed a second complaint on February 12, 2009 [Doc. 1-1]. In her February 2009 complaint, plaintiff alleges that she made a purchase at the Wal-Mart Supercenter located at 1414 Parkway in Sevierville, Tennessee at noon on December 12, 2006 [*Id.*, ¶ 4]. She alleges that she exited the Supercenter after making her purchase and, while walking across the Supercenter parking lot to her automobile, "suddenly and without warning" stepped into a hole in the parking lot [*Id.*].

Plaintiff alleges that, as a result, she "violently fell into a vehicle and onto the pavement injuring her neck, back, arms, wrists, legs, knees and ankles . . . causing severe bodily injury and pain" [*Id.*].

Plaintiff alleges that she was a "business invitee" of the defendant [*Id.*]. As such, she alleges that defendant owed her a duty of care, which required it to "maintain its entire premises, including the parking lot, in a reasonably safe condition, free from risk of danger for all foreseeable uses by its customers, including latent defects that are known or should be known through the exercise of reasonable diligence" [*Id.*, ¶ 5]. Plaintiff alleges that defendant breached its duty of care to her, and was therefore "negligent and/or grossly negligent," by:

(1) Failing to maintain the proper standard of care owed to its business invitees;

(2) Improperly maintaining the store parking lot, thus allowing the inherently dangerous condition to exist;

(3) Failing to take proper precautionary measures to protect its business invitees;

(4) Failing to repair the parking lot in an adequately safe manner and condition;

(5) Failing to provide and post warnings which would alert its guests of the inherently dangerous condition of the parking lot;

(6) Failing to provide an adequate barrier to prevent a business invitee from stepping into the hole and falling; and

(7) Failing to regularly and properly inspect and maintain its parking lot.

[*Id.*, ¶ 7]. She seeks a judgment in the amount of $3,000,000.00 for "bodily injuries, pain, suffering, medical bills and expenses incurred, future medical expenses and loss of enjoyment of life, both present and future" [Doc. 1-1].

The case was removed to this Court on March 18, 2009 [Doc. 1]. Defendant filed its answer [Doc. 4] on March 19, 2009, denying liability for the injuries plaintiff allegedly suffered on December 12, 2006, and raising a number of affirmative defenses against her. Defendant filed its motion for summary judgment on May 4, 2009 [Doc. 9]. In that motion, defendant argues that there was no dangerous or defective condition in the area at the time of plaintiff's alleged injury because the incident was not reasonably foreseeable to defendant and because the parking lot did not present an unreasonable risk of harm to plaintiff [*Id.*]. Defendant contends on these grounds that it owed no duty to plaintiff in this case [*Id.*].

Plaintiff filed a response to the motion for summary judgment [Doc. 17] on September 10, 2009, providing additional details regarding her alleged fall in the Supercenter parking lot, and responding to some of the factual representations made in the motion for summary judgment. Plaintiff also contends that the pictures attached to defendant's motion to dismiss, which allegedly depict the Supercenter parking lot, are "false" [*Id.*]. Accordingly, plaintiff has attached to her response a "true picture of the pothole where she got stuck" [*Id.*].

On September 14, 2009, defendant filed a reply [Doc. 18] to plaintiff's response, arguing that plaintiff's response was not "proper" under the Federal Rules of Civil Procedure and should not be considered by the Court, but that defendant is still entitled to summary judgment even if the Court considers the response.

3

The Court has carefully considered the motion for summary judgment, the response, and the reply in light of the applicable law. For the reasons that follow, defendant's motion for summary judgment will be granted. Defendant's pending motion to strike, supplemental motion to strike, and motion to extend deadline for Rule 26(f) discovery conference will be denied as moot. This case will be dismissed.

## II. Standard of Review

Summary judgment is proper only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The judge does not weigh the evidence or determine the truth

of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**III. Analysis**

As noted, defendant argues that this case presents no genuine issue of material fact, and that summary judgment is therefore appropriate as a matter of law. In support of this argument, defendant contends that no dangerous or defective condition existed in the area and at the time of plaintiff's alleged incident because the incident was not reasonably foreseeable to defendant and because the area where plaintiff allegedly fell did not present an unreasonable risk of harm to plaintiff [Doc. 9]. Plaintiff contends in response that the dispute over the cause of her alleged fall in the Supercenter parking lot raises a genuine issue of material fact that suffices to withstand summary judgment [Doc. 17].

The Court cannot agree with plaintiff. The elements of a negligence claim in Tennessee are well established, and consist of (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *Perez v. McConkey*, 872 S.W.2d 897, 905 (Tenn. 1994). No claim of negligence can succeed in the absence of any one of these elements. *Id.* In premises liability cases, if there is no evidence that a dangerous or defective condition exists, a business owner "cannot be held

5

liable for failing to take action in order to remedy the supposed condition." *Nee v. Big Creek Partners*, 106 S.W.3d 650, 654 (Tenn. Ct. App. 2002).

The Court finds that no dangerous condition existed in this case. Even assuming that the photograph plaintiff has submitted, which purportedly identifies "the pot hole Ms. Boswell got her foot stuck in," accurately depicts the site of plaintiff's fall, *see* Doc. 17, the Court finds this photograph to be an insufficient evidentiary basis upon which a reasonable factfinder could find in her favor. The Court respectfully submits that this photograph depicts nothing more than a minor crack in the asphalt of a parking lot. It is well settled in Tennessee that "recovery will not be allowed because of the existence of trivial holes or depressions." *Riddell v. Great Atl. & Pac. Tea Co.*, 241 S.W.2d 406, 408 (Tenn. 1951); *see also Murray v. City of Nashville*, 299 S.W.2d 859, 862 (Tenn. Ct. App. 1957) ("[T]he existence of trivial depressions . . . [is] not such as to constitute actionable negligence . . . ."); *Batts v. City of Nashville*, 123 S.W.2d 1099, 1103 (Tenn. Ct. App. 1938) ("[S]light holes or depressions which are not in the nature of traps, and from which danger could not be reasonably anticipated, are not defects for which an action will lie."); *Rice v. Sabir*, 979 S.W.2d 305, 309 (Tenn. 1998) ("The duty imposed on the premises owner . . . does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated . . . .").

Finding that defendant owed no duty to plaintiff here, because this incident was not reasonably foreseeable to defendant and because the area where plaintiff allegedly fell did not present an unreasonable risk of harm to plaintiff, the Court finds summary judgment to

be appropriate in this case. The Court will therefore grant defendant's motion for summary judgment. It will deny as moot defendant's pending motion to strike, its supplemental motion to strike, and its motion to extend the deadline for the Rule 26(f) discovery conference. This case will be dismissed.

**IV.     Conclusion**

For the reasons above, defendant's Motion for Summary Judgment [Doc. 9] will be granted. Defendant's pending Motion to Strike [Doc. 31], Supplemental Motion to Strike [Doc. 34], and Motion to Extend Deadline for Rule 26(f) Discovery Conference [Doc. 35] will be denied as moot. This case will be dismissed. The Clerk will be directed to close this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
